**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:08-md-01976-W**

|  |  |  |
|---|---|---|
| **CONSTANCE SPINOZZI, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **LENDINGTREE, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

THIS MATTER is before the Court upon Plaintiff Sylvia Carson's Motion for Confirmation of Arbitration Award (Doc. No. 50, filed under 3:08-cv-229), filed on May 10, 2010.

On August 21, 2008, the Court heard oral argument concerning the Spinozzi, Mitchell, and Carson cases, and compelled each case to individual and binding arbitration. On October 8, 2008, the United States Judicial Panel on Multidistrict Litigation ordered that other related cases be consolidated in this Court for pretrial proceedings. As a result, on February 5, 2009, the Court heard oral argument concerning the newly transferred cases and similarly compelled these cases to proceed to binding arbitration. In November 2009, the Court asked for a status update, and learned that all Plaintiffs, with the exception of Plaintiff Sylvia Carson, had failed to proceed to arbitration in accordance with the Court's August 21, 2008, and February 5, 2009, orders, deciding instead to await the final adjudication of the Carson matter. It appeared to the Court that Plaintiffs opted to ignore the Court's orders compelling individual and binding arbitration, and as such the Court issued a show cause order. In light of this, the Court deferred ruling on the motion to confirm arbitration award until such matter was resolved; to rule otherwise would undermine the goals of judicial

efficiency and consistency in multidistrict litigation.   See United States Judicial Panel On Multidistrict Litigation, An Overview of the United States Judicial Panel on Multidistrict Litigation, http://www.jpml.uscourts.gov/General_Info/Overview/overview.html (last visited December 17, 2010).

_____In response to the Court's show cause order, the remaining parties agreed to commence individual arbitration or dismiss their claims with prejudice within thirty days.   Subsequently, all plaintiffs stipulated to dismissal of their claims with prejudice, with the exception of Plaintiff Carson, who completed her arbitration, and Plaintiffs Amy Bercaw and Ty Woods, who initiated arbitration on July 9, 2010.   Plaintiffs Bercaw and Woods filed stipulations of dismissal with prejudice on December 3, 2010, and December 14, 2010, respectively.   (Doc. No. 53, 54). Accordingly, the issue remaining before this Court is Plaintiff's Carson motion to confirm.

Section 9 of the Federal Arbitration Act ("FAA") provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award."   9 U.S.C. § 9.   The court must confirm the arbitration award unless the award is vacated, modified, or corrected pursuant to Section 10 or 11 of the FAA.   Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 581-82 (2008) (citing 9 U.S.C. § 9).

The Court now finds there are no grounds to vacate, modify, or correct the arbitration award. IT IS, THEREFORE, ORDERED that:

1. Plaintiff Sylvia Carson's Motion for Confirmation of Arbitration Award (Doc. No. 50, filed under 3:08-cv-229) is GRANTED;

2. The Court hereby enters judgment in accordance with the Award of Arbitrator (Doc. No. 50, filed under 3:08-cv-229).

3. The Clerk is directed to close this multidistrict litigation case, 3:08-md-1976, and any

pending associated cases, and terminate any other pending motions.

SO ORDERED.

Signed: December 17, 2010

Frank D. Whitney
United States District Judge